UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| AYODELE, BODE, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:21-cv-01750-JPH-MPB |
| THE STATE OF INDIANA, JASON DOUGLAS BUNCH NATALIE KAY CARPENTER | ) ) ) |
| Defendants. | ) |

**ORDER**

Bode Ayodele, an inmate in Illinois, has brought § 1983 claims against the Marion County Superior Court, Jason Bunch, and Natalie Carpenter. Dkt. 1 at 1–2. After screening Mr. Ayodele's complaint, the Court finds that it fails to state a claim. Mr. Ayodele has **until August 6, 2021**, to show cause why his claims should not be dismissed.

The Court also **GRANTS** Mr. Ayodele's motion to proceed *in forma pauperis* to the extent that he pays a $25.00 initial partial filing fee **by August 6, 2021**, as discussed below. Dkt. [3]. Finally, the Court **DENIES without prejudice** Mr. Ayodele's motion for appointment of counsel. Dkt. [4].

**I.
Screening Order**

The Court must dismiss any claim that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). In screening a complaint, the Court applies the same standard as when addressing a motion to dismiss

1

under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [The] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Pro se complaints are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

### A. Complaint

Mr. Ayodele, an inmate in Illinois, alleges that the State of Indiana's Marion County Superior Court violated his constitutional right to a speedy trial and right to confront witnesses. Dkt. 1 at 4–5. He also alleges that Mr. Bunch, a public defender assigned to Mr. Ayodele's Indiana criminal case, did not communicate with him about the status of his case or listen to his directions about a plea agreement. *Id.*

### B. Analysis

To the extent that Mr. Ayodele seeks equitable relief, the Court cannot intervene in the ongoing state prosecution pending against him. *See* dkt. 1; *State of Indiana v. Bode Ayodele*, 49D32-1906-F4-021847 (Ind. Marion Sup. Ct. Jul. 1, 2021). Federal courts are "generally preclude[d] . . . from intervening in ongoing state criminal prosecutions." *Trump v. Vance*, 140 S. Ct. 2412, 2420–21 (2020) (citing *Younger v. Harris*, 401 U.S. 37 (1971)).

To the extent that Mr. Ayodele seeks damages under § 1983, those claims must be dismissed because he has not sued an appropriate defendant. First, Mr. Ayodele has sued the State of Indiana's Marion County Superior Court. *See* dkt. 1 at 2. But "states and their agencies are not 'persons' subject to suit under 42 U.S.C. § 1983." *Johnson v. Supreme Court of Illinois*, 165 F.3d 1140, 1141 (7th Cir. 1999) (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70–71 (1989)). Here, the Marion County Superior Court "is a division of the State of Indiana, so [Mr. Ayodele's] suit is one against Indiana itself." See *King v. Marion Circuit Court*, 868 F.3d 589, 591 (7th Cir. 2017). Therefore, Mr. Ayodele's complaint against the Marion County Superior Court must be dismissed.

Next, Mr. Ayodele has sued his public defender, Mr. Bunch. *See* dkt. 1 at 2. But to be held liable under §1983, a defendant must have acted "under color of state law." *Spiegel v. McClintic*, 916 F.3d 611, 616 (7th Cir. 2019) (citation omitted). A "public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *McDonald v. White*, 465 F. App'x 544, 548–49 (7th Cir. 2012) (citation omitted). As a result, Mr. Ayodele's § 1983 claim against Mr. Bunch must be also be dismissed.

Last, Mr. Ayodele has named Ms. Carpenter in the case caption but has not made any factual allegations against her. *See* dkt. 1. Therefore, any claims against her must also be dismissed. *See Owens v. Hinsley*, 635 F.3d

950, 955 (7th Cir. 2011) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.") (citation omitted).

### C. Next Steps

Mr. Ayodele shall have until **August 6, 2021**, to show cause why his claims should not be dismissed. See *Thomas v. Butts*, 745 F.3d 309, 313 (7th Cir. 2014) (directing district courts to "first fir[e] a warning shot" before dismissing a complaint) (citation omitted). Failure to do so by that deadline will result in dismissal of this action without further notice.

## II.
## Motion to Proceed *In Forma Pauperis*

Mr. Ayodele's motion to proceed *in forma pauperis*, dkt. 3, is **GRANTED** to the extent that he is assessed an initial partial filing fee of $25.00. *See* 28 U.S.C. § 1915(b)(1). He shall have **through August 6, 2021** to pay this initial partial filing fee to the Clerk of the Court.

After Mr. Ayodele has paid the initial partial filing fee, he will have to make monthly payments based on the income credited to his prison account. *See* 28 U.S.C. § 1915(b)(2). Each month, Mr. Ayodele will have to pay 20 percent of the preceding month's account income until he has paid the full filing fee of $350.00. *Id.* Mr. Ayodele's account custodian will forward these payments to the Clerk of the Court each time his account exceeds $10.00. *Id.* After the Court receives the initial partial filing fee, it will issue a collection order to Mr. Ayodele and to his custodian.

## III.
## Motion for Attorney Representation

"Litigants in federal civil cases do not have a constitutional or statutory right to court-appointed counsel." *Walker v. Price*, 900 F.3d 933, 938 (7th Cir. 2018). Instead, a litigant who is unable to afford counsel "may ask the court to recruit a volunteer attorney to provide pro bono representation." *Id.* (citing 28 U.S.C. § 1915(e)(1)). "Two questions guide a court's discretionary decision whether to recruit counsel: (1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Id.* (*quoting Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (en banc)). The first inquiry—whether an indigent litigant reasonably attempted to get a lawyer—"is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021).

For the first question, Mr. Ayodele states that he has contacted three legal-aid organizations and a private attorney for assistance, but none were able to assist him. Dkt. 4 at 1. Mr. Ayodele has thus made a reasonable effort to obtain counsel, and he should continue that effort. *Cf. Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010) (affirming district court's requirement that litigant contact at least three attorneys to show reasonable effort).

For the second question, the Court considers whether the case's complexity "exceeds [the plaintiff's] capacity as a layperson to coherently

5

present it to the judge or jury himself." *Olson v. Morgan*, 750 F.3d 708, 712 (7th Cir. 2014) (quoting *Pruitt*, 503 F.3d at 655). As described above, Mr. Ayodele alleges constitutional violations based on events relating to his state criminal prosecution. At the pleading stage, "Plaintiffs need only plead facts, not legal theories," *Reeves ex rel. Reeves v. Jewel Food Stores, Inc.*, 759 F.3d 698, 701 (7th Cir. 2014), and Mr. Ayodele should be well situated to present the facts surrounding his criminal prosecution. Moreover, since this case is in the earliest stage of litigation, "the district court faces the difficulty of accurately evaluating the need for counsel." *Rosas v. Advocate Christ Med. Ctr.*, 803 F. App'x 952, 954 (7th Cir. 2020) (citation omitted); *see Romanelli*, 615 F.3d at 852 (finding that "any accurate determination regarding [a litigant's] abilities or outcomes of the lawsuit" to be "impossible" when a case is "still in its infancy").

On the other hand, Mr. Ayodele has checked boxes on the form motion stating that he has only completed grammar school and that his ability to speak, write, and/or read English is limited because it's not his primary language. Dkt. 4 at 2. However, his complaint is detailed and coherent, and he also has some prior litigation experience in the federal court system, having filed a suit in Illinois federal court and participated in an immigration hearing. *See* dkt. 1 at 3–5.

Therefore, based on the early stage of this litigation, his prior experience in the federal court system, and his coherent filings thus far, Mr. Ayodele has not demonstrated that the case exceeds his capacity to present it at this time.

As a result, his motion for assistance in recruiting counsel is **DENIED without prejudice**. Dkt. [4].

## IV.
## Conclusion

For the reasons discussed above, Mr. Ayodele has until **August 6, 2021**, to show cause why his claims should not be **dismissed**. If he does not do so by that date, his complaint will be dismissed without further warning.

The Court also **GRANTS** Mr. Ayodele's motion to proceed *in forma pauperis* to the extent Mr. Ayodele pays the initial partial filing fee **by August 6, 2021**. Dkt. [3]. And the Court **DENIES without prejudice** Mr. Ayodele's motion for appointment of counsel. Dkt. [4].

**SO ORDERED.**

Date: 7/7/2021

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Ayodele Ayodele
145392
McHenry Court Jail
2200 N. Seminary Avenue
Woodstock, IL 60098